MONEAK SHANTEL SMITH-FUTCH
8:22-cr-80-SCB-JSS

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

MONEAK SHANTEL SMITH-FUTCH

Case Number: 8:22-cr-80-SCB-JSS

USM Number: 92637-509

Adam Joseph Nate, AFPD

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count One of the Indictment. The defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. § 641 | Theft of Government Funds | July 2017 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment:

August 30, 2022

SUSAN C. BUCKLEW
UNITED STATES DISTRICT JUDGE

August **30**, 2022

AO 245B (Rev. 09/19) Judgment in a Criminal Case

MONEAK SHANTEL SMITH-FUTCH
8:22-cr-80-SCB-JSS

## PROBATION

The defendant is hereby placed on probation for a term of **FIVE (5) YEARS**.

The defendant shall report immediately to the United States Probation Office at 501 East Polk Street, Suite 800, Tampa, Florida, for further instructions.

## MANDATORY CONDITIONS

1. The defendant shall not commit another federal, state or local crime.
2. The defendant shall not unlawfully possess a controlled substance.
3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. The defendant shall make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.
5. The defendant shall cooperate in the collection of DNA as directed by the Probation Officer.
6. The defendant shall pay restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664.
7. The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.
8. If this judgment imposes a fine, the defendant shall pay in accordance with the Schedule of Payments sheet of this judgment.
9. The defendant shall notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

MONEAK SHANTEL SMITH-FUTCH
8:22-cr-80-SCB-JSS

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, the defendant shall comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. The defendant shall report to the Probation Office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the Probation Officer instructs you to report to a different Probation Office or within a different time frame.
2. After initially reporting to the Probation Office, you will receive instructions from the court or the Probation Officer about how and when the defendant shall report to the Probation Officer, and the defendant shall report to the Probation Officer as instructed.
3. The defendant shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the Probation Officer.
4. The defendant shall answer truthfully the questions asked by your Probation Officer.
5. The defendant shall live at a place approved by the Probation Officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), the defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
6. The defendant shall allow the Probation Officer to visit you at any time at your home or elsewhere, and the defendant shall permit the Probation Officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses you from doing so. If you do not have full-time employment the defendant shall try to find full-time employment, unless the Probation Officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), the defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
8. The defendant shall not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.
9. If you are arrested or questioned by a law enforcement officer, the defendant shall notify the Probation Officer within 72 hours.
10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the Probation Officer determines that you pose a risk to another person (including an organization), the Probation Officer may require you to notify the person about the risk and the defendant shall comply with that instruction. The Probation Officer may contact the person and confirm that you have notified the person about the risk.
13. The defendant shall follow the instructions of the Probation Officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. Probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

The defendant's signature:_____          Date:_____

MONEAK SHANTEL SMITH-FUTCH
8:22-cr-80-SCB-JSS

## ADDITIONAL CONDITIONS OF PROBATION

The defendant shall also comply with the following additional conditions of probation:

- The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the Probation Officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

- The defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the Probation Officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

- The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating herself for any major purchases without approval of the Probation Officer.

- The defendant shall provide the Probation Officer access to any requested financial information.

- The defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

- The defendant must refrain from any unlawful use of controlled substance. The defendant must submit to one drug test within 15 days of placement on supervision and at least two periodic drug tests thereafter as directed by the probation officer. The defendant must submit to random drug testing not to exceed 104 tests per year.

- The defendant shall pay restitution in the amount of $41,206.80 to United States Social Security Administration. This restitution obligation shall be payable through the Clerk, U.S. District Court, for distribution to the victim. The defendant shall begin making payments of $200 per month, and this payment schedule shall continue unless the victim, the government, or the defendant, notifies the Court of a material change in the defendant's ability to pay and the Court modifies the schedule. The Court finds that the defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.

MONEAK SHANTEL SMITH-FUTCH
8:22-cr-80-SCB-JSS

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|
| $100.00 Due Immediately | $41,206.80 | WAIVED | N/A | N/A |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Loss**** | Restitution Ordered | Priority of percentage |
|---|---|---|---|
| Clerk, U.S. District Court, for distribution to the victim, as Ordered | $41,206.80 | $41,206.80 | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

Special Assessment shall be paid in full and is due immediately.

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the Court, the Probation Officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, and (9) penalties, and (10) costs, including cost of prosecution and court costs.

---

*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pu. L. No. 115-299.
**Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
***Findings for the total amount of losses, are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

MONEAK SHANTEL SMITH-FUTCH
8:22-cr-80-SCB-JSS

# FORFEITURE

The defendant shall forfeit to the United States those assets previously identified in the Order of Forfeiture (*see* Doc. 34) attached hereto, that are subject to forfeiture.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:22-cr-80-SCB-JSS

MONEAK SHANTEL SMITH-FUTCH

### ORDER OF FORFEITURE

THIS CAUSE comes before the Court upon the United States of America's motion for an order of forfeiture against the defendant in the amount of $41,206.80.

Being fully advised of the relevant facts, the Court hereby finds that at least $41,206.80 was obtained by the defendant as a result of her theft of government funds, for which she has pled guilty.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States= motion is GRANTED.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the defendant shall be held liable for an order of forfeiture in the amount of $41,206.80.

It is FURTHER ORDERED that, because the $41,206.80 in proceeds was dissipated by the defendant, the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), forfeiture of

any of the defendant's property up to the value of $41,206.80.

It is FURTHER ORDERED that this order shall become a final order of forfeiture as to the defendant at sentencing.

The Court retains jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and for any substitute assets that the United States may be entitled to seek up to the amount of the order of forfeiture.

DONE and ORDERED in Tampa, Florida, this 29th day of June, 2022.

*[signature]*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Suzanne C. Nebesky, AUSA
Counsel of Record